UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE KING,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | Case No. ED CV 07-1540 PJW<br><br>MEMORANDUM OPINION AND ORDER |

    Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). Because the Agency's decision that Plaintiff was not disabled is not supported by substantial evidence, the decision is reversed and the case is remanded.

    On February 15, 2005, Plaintiff applied for SSI benefits. (Administrative Record ("AR") 18.) The Agency denied the applications initially and on reconsideration. (AR 19-32.) Plaintiff then requested and was granted a hearing before an Administrative Law Judge ("ALJ"). (AR 33-35.) On April 16, 2007, Plaintiff appeared with counsel at the hearing and testified. (AR 185-209. ) On August

4, 2007, the ALJ issued a decision denying the application. (AR 7-16.) After the Appeals Council denied Plaintiff's request for review, (AR 2-4), she commenced this action.

Plaintiff claims that the ALJ erred by: 1) misconstruing the testimony of the vocational expert; 2) failing to properly consider her past relevant work; 3) failing to make clear whether he accepted or rejected the opinions of two treating doctors (Dr. Tung Huynh and Dr. Andrew Song); and 4) failing to defer to another treating doctor's opinion that Plaintiff was disabled. (Joint Stip. at 3-4, 6-9, 11-13, 14-16.) For the following reasons, the Court finds that the ALJ erred in interpreting the vocational expert's testimony and in failing to set forth the requirements of Plaintiff's past work as a receptionist.

In her first claim of error, Plaintiff contends that the ALJ erred when he concluded that the vocational expert testified that she was capable of performing her past work as a receptionist. (Joint Stip. at 3-4.) The Court agrees.

The ALJ found that Plaintiff suffered from a mental impairment which caused more than mild but less than moderate difficulties in activities of daily living, maintaining social functioning, and concentration, persistence, and pace. (AR 13.) He then concluded that, despite these limitations, Plaintiff could perform her past work as a receptionist. (AR 16.) He based this conclusion on his reading of the vocational expert's testimony that she could:

> Hypothetically assuming the claimant's residual functional capacity as found above and assuming that the mental limits are closer to mild than moderate, the vocational expert opined that the claimant is able to perform her past relevant work as

1     receptionist, both as actually done and as generally done in the
2     national economy.  I accept the testimony of the vocational
3     expert and so find.  Since [Plaintiff] can return to past
4     relevant work, she is not under a "disability" . . . .
5 (AR 16.)
6     On closer examination, however, it appears that the vocational
7 expert did not testify that Plaintiff could perform her past work if
8 she suffered from the mild to moderate mental impairment found by the
9 ALJ.  The ALJ posed a hypothetical question to the vocational expert,
10 seeking to determine whether a person with Plaintiff's physical
11 capacity, but without any mental limitations, could perform her past
12 work.  (AR 206.)  The vocational expert's answer to this question is
13 unclear in the transcript, because, it appears, the answer was not
14 transcribed correctly.  (AR 206.)  According to the transcript, the
15 vocational expert testified: "Sedentary are the reception work would
16 remain appropriate with those limitations as customarily performed."
17 (AR 206.)  This response is not critical to understanding the issue,
18 however, because the ALJ followed up with a different hypothetical,
19 which included his finding regarding mild to moderate mental
20 limitations:
21    Q:    And a second hypothetical, if we assume the same physical
22          limitations as in the first hypothetical and we assume a
23          mental impairment that more than mildly but less than
24          moderately limits the capacity of daily living activities,
25          social functioning and the capacity to maintain
26          concentration, persistence, and pace.  Can that hypothetical
27          person perform the past, past work of the claimant?
28

```
 1          A:   It's not clear to me enough, Your Honor, to offer an
 2               opinion."
 3   (AR 206.)
 4        Thus, the vocational expert testified that he was unable to offer
 5   an opinion as to whether Plaintiff could perform her past work as a
 6   receptionist, assuming that she was limited by more than mild but less
 7   than moderate mental limitations.  Though the ALJ did continue to
 8   question the vocational expert following this testimony, as can be
 9   seen from the excerpt of the transcript that follows, those questions
10   dealt only with whether Plaintiff could perform other jobs in the
11   economy, not her past job as a receptionist:
12        Q:   Is there other work in the national economy that such a
13             hypothetical person could do?
14        A:   Difficult to say in that I don't know where, between mild
15             and moderate, would be difficult to offer an opinion.
16        Q:   In other words if it was closer to moderate the person could
17             not work?
18        A:   That would be my opinion.
19        Q:   And if it was closer to mild the person could?
20        A:   That would be my opinion.
21   (AR 207.)
22        Because the ALJ based his decision that Plaintiff could perform
23   her past work on the vocational expert's testimony, and because the
24   vocational expert did not testify that Plaintiff could perform her
25   past work, assuming she had mental limitations, remand on this issue
26   is warranted.  On remand, the ALJ should take another look at this
```

issue and determine whether Plaintiff is capable of performing her past work, despite her mental limitations.[1]

In her second claim of error, Plaintiff contends that the ALJ failed to make detailed factual findings regarding the physical and mental demands of her past work as a receptionist, as required by Social Security Ruling ("SSR") 82-62. (Joint Stip. at 6-9.) Again, the Court agrees.

Social Security Ruling 82-62 requires an ALJ to make findings of fact as to: 1) a claimant's residual functional capacity, 2) the physical and mental demands of the claimant's past work, and 3) whether the claimant is capable of returning to her past work. 20 C.F.R. §§ 404.1520(e) and 416.920(e). In determining the demands of a claimant's past work, an ALJ can look to how the job was actually performed by the claimant or how it is typically performed in the economy. In assessing how it was actually performed, the ALJ may look to the claimant's written statements and testimony as to how she performed it. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001); SSR 82-62 ("[S]tatements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work.").

Plaintiff testified at the administrative hearing that she worked as a receptionist in 1995 and again in 1999 or 2000 to 2002. (AR 189-

---

[1] The Court notes that the record contains a state agency "Medical/Vocational Decision Guide" indicating that Plaintiff can perform her past work as a receptionist. (AR 67.) Even assuming that that was enough to support the ALJ's decision, he did not rely on it in his decision and the Court is constrained to affirm the ALJ's decision only for the reasons set forth by the ALJ in his decision. Furthermore, it is not clear that the analyst who completed the form took into account Plaintiff's mental limitations as found by the ALJ.

91.)  She did not explain in any detail what those jobs required.  (AR 189-91.)  She had submitted a Work History Report, in which she described the demands of her receptionist job in 1995 as "sit in chair, receive & patch calls, messages, receive clients."  (AR 64.)  She also explained in that report that she sat for eight to twelve hours a day in that job and that there was no standing, walking, etc.  (AR 64.)

   The ALJ failed to describe the job in detail in his decision.  He did reference the documentary record but did not specify what documents he was referring to or how Plaintiff's past job was described in the documents.  He also referred to Plaintiff's "detailed explanation" of her job duties at the hearing and the vocational expert's reliance on that testimony (AR 16), but there was no such testimony, or any reliance on it.  (AR 187-209.)  In the end, the Court concludes that the ALJ's treatment of this issue provides more questions than answers and remands the case on this issue as well.  On remand, the ALJ should set forth in detail the physical and mental demands of Plaintiff's job--as she performed it or as it is generally performed in the economy--and the source of that information.  Thereafter, the ALJ should determine whether Plaintiff can perform the job despite her limitations.

   In her third claim of error, Plaintiff contends that the ALJ did not properly consider the opinions of Dr. Tung Huynh and Dr. Andrew Song, who made clinical findings regarding her cervical spine condition.  (Joint Stip. at 11-12.)  Plaintiff argues that the ALJ was required to either accept or reject these findings but, "because of the vagueness and generality of the ALJ's summary[,] . . . it is

impossible to determine whether" he did.  (Joint Stip. at 13.)  For the following reasons, the Court finds no error here.

On March 15, 2004, Dr. Song reviewed a magnetic resonance imaging ("MRI") of Plaintiff's cervical spine and found "marked narrowing of the disc spaces, mostly at the C3-4, C4-5, C5-6, and C6-7 levels from degenerative disc disease changes."  (AR 107.)  Dr. Song concluded that Plaintiff had "advanced degenerative disc disease of the cervical spine with multi-level uncovertebral spondylosis."  (AR 107.)  On November 7, 2005, Dr. Huynh diagnosed "degenerative disc disease of C3 through C7."  (AR 163.)

The ALJ referenced both reports in his step-two finding that Plaintiff's back condition (degenerative disc disease and multi-level spondylosis of the cervical spine) was a severe impairment.  (AR 12.)  He noted that Plaintiff had a history of neck pain, that various X-rays and MRIs showed degenerative disc disease, and that there was some "limited range of motion of the cervical spine and tenderness."  (AR 12.)  It is plain, therefore, that the ALJ did consider Dr. Huynh and Dr. Song's clinical findings.

To the extent that Plaintiff argues that these clinical findings demonstrate that she is actually disabled, the Court disagrees.  The mere existence of an impairment is not proof of a disability.  *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993).  Rather, Plaintiff had the burden of proving that her impairment was disabling.  *Id*.  Here, after finding that her cervical spine condition was a severe impairment, the ALJ considered whether it would preclude her from all work.  In concluding that it would not, the ALJ permissibly relied on the opinion of examining orthopedist Warren Yu, as well as the hearing testimony of medical expert Dr. William Temple.  (AR 15.)

Dr. Yu opined that Plaintiff's multi-level spondylosis would not preclude her from sitting, standing, or walking up to six hours in an eight-hour day, or from picking up 20 pounds occasionally and 10 pounds frequently. (AR 178.) Dr. Temple concurred with these findings. (AR 203.)

The ALJ was entitled to rely on the opinions of Dr. Yu and Dr. Temple. *See*, *e.g.*, *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that opinion of nontreating source based on independent clinical findings constitutes substantial evidence to support ALJ's decision). In any case, these opinions did not conflict with the findings of Dr. Huynh and Dr. Song, and so the ALJ was not required to provide specific and legitimate reasons for rejecting them. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) ("Clear and convincing reasons are not required, however, when there is no conflict" between the ALJ's reasoning and physician's opinion).

In her fourth claim of error, Plaintiff contends that the ALJ failed to properly consider statements contained in two medical reports by a physician at High Desert Care, who stated that Plaintiff was permanently incapacitated owing to "osteoarthritis [of the] cervical spine" and "permanent pain & discomfort." (Joint Stip. at 14-16; AR 166-67.) For the following reasons, the Court finds that this was not error.

The ALJ referenced the High Desert Care reports, but gave them "no weight" because they went to the ultimate issue of disability and because they were "entirely unsupported by objective signs or other appropriate evidence." (AR 15.) This was proper. Under the regulations, a treating physician's opinion regarding the ultimate issue of disability is not entitled to any special weight. *See Batson*

1  *v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004)
2  (reaffirming that treating physician's opinion is "not binding on an
3  ALJ with respect to the . . . ultimate determination of disability.");
4  20 C.F.R. § 404.1527(e)(3); *see also* SSR 96-5p (stating that opinion
5  that claimant is 'disabled', "even when offered by a treating source,
6  can never be entitled to controlling weight or given special
7  significance").  Furthermore, these reports, which stated that
8  Plaintiff was permanently incapacitated, were unaccompanied by any
9  clinical findings or treatment notes.  (AR 166-67.)  An opinion, even
10 that of a treating physician, that is "conclusory, brief, and
11 unsupported by the record as a whole, or by objective medical
12 findings" is entitled to minimal evidentiary weight.  *Batson*, 359 F.3d
13 at 1195.  For these reasons, this claim does not warrant remand.

For the reasons set forth above, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

DATED:    April 24   , 2009.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\KING, C 1540\Memo_Opinion.wpd